35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles L. SMITH, a/k/a Ezra Charles Calloway, Defendant-Appellant.
 No. 94-5308.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1994.
Decided August 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-93-1226).
 Argued: Christopher Dean Latsios, Fairfax, CA, for Appellant.
 Argued: Gerard Joseph Sexton, Special Assistant United States Attorney, Office of the United States Attorney, Alexandria, VA. On brief: Helen F. Fahey, United States Attorney, John T. Martin, Assistant United States Attorney, Office of the United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following a trial by jury, appellant was convicted of driving and using a motor vehicle, not his own, without the consent of the owner and in the absence of the owner, with the intent to temporarily deprive the owner of his possession, but without intent to steal the same, in violation of 18 U.S.C. Sec. 13, which assimilates Title 18.2, Code of Virginia, Sec. 102. Defendant appeals and presents two issues: whether the investigatory stop and seizure of appellant was justified by a reasonable articulable suspicion of criminal activity, and whether the trial court erred in denying appellant's motion for judgment of acquittal.
 
 
 2
 We find no merit in either exception, and we affirm.
 
 I.
 
 3
 At approximately 2:40 a.m. on October 5, 1993, an officer of the United States park police noticed a red 1990 Nissan Stanza traveling north in the right lane of the George Washington Memorial Parkway, which is within the special territorial and maritime jurisdiction of the United States. The officer followed the car for approximately one mile, and during this time he observed the car weaving within its lane of traffic. He noticed that the car was moving at approximately 40 miles per hour, 10 miles per hour below the posted speed limit, and approximately 20 to 25 miles per hour below the speed of normal traffic flow on this highway. This officer had acquired substantial highway patrol experience and was trained to detect the effects of alcohol consumption on motor vehicle operators during his three and one half years as a member of the park police. He had been taught to look for a number of clues to indicate an operator's sobriety. These included the speed of the vehicle and whether the vehicle was maintaining a straight path. He was also aware of a third factor and this was the time of day. The early morning hours, after local bars have closed, is a time when impaired drivers may be on the road. The officer concluded that the driver of the Nissan was either extremely tired and might endanger the public or himself by falling asleep, or he was impaired by alcohol or some other substance.
 
 
 4
 Upon reaching this conclusion, the officer stopped the vehicle and radioed the license plate number to his dispatcher and learned that the automobile had been stolen earlier that evening in an armed carjacking. He arrested the appellant, who was alone and driving the vehicle.
 
 
 5
 At trial the evidence established that the Nissan belonged to one Samuel Ross. Ross testified that at approximately 12:15 a.m. on the day of the arrest, he was returning from a restaurant with William Harris when an individual brandishing a weapon entered the back seat of the automobile. Harris, who was driving, was forced to continue a short distance. The individual then took a watch and $27 from Harris, ordered both Harris and Ross out of the car, and drove the car away. Approximately two weeks later, Harris identified the appellant from a photograph in a nine photo array. Harris also identified the defendant in the courtroom. On cross examination, Harris was asked to explain why his description given to the police shortly after the carjacking described the defendant as being larger than he actually was. Harris explained this inaccuracy as a result of his state of nervousness after being confronted by the armed appellant.
 
 
 6
 Samuel Ross testified that he was unable to identify the defendant as the carjacker from the photo array because he did not get a good view of him. Ross testified that the red Nissan belonged to him and he had not given the defendant permission to drive it on the night he was stopped.
 
 II.
 
 7
 Appellant argues that the officer did not have cause to stop him and the stop violated his protections and safeguards under the Fourth Amendment. He particularly argues that his driving behavior was not so unusual or suspicious that it would have caused the officer to stop him during daylight hours and therefore it was not sufficient to justify a reasonable articulable suspicion of criminal activity just because the stop was made at night. We find no merit to this argument.
 
 
 8
 The traffic stop in this case amounted to an investigatory detention which must be justified by a reasonable suspicion that a crime has been or is about to be committed. United States v. Moore, 817 F.2d 1105 (4th Cir.), cert. denied, 484 U.S. 965 (1987). A reasonable suspicion is determined in light of the facts and circumstances taken as a whole, and these circumstances include the time of day. Deference is given to the observation of a trained police officer and to the conclusions drawn from the officer's experience and special knowledge. United States v. Cortez, 449 U.S. 411, 418 (1981). Reasonable suspicion is a less demanding standard than probable cause. United States v. Sokolow, 490 U.S. 1 (1989).
 
 
 9
 The officer in this case had special training and experience in dealing with traffic violations and persons operating vehicles under the influence of alcohol. He had an opportunity to observe the appellant's operation of the vehicle. He was aware that the vehicle was traveling at a slower than normal rate and was weaving. From his experience, the facts indicated that the operator could be impaired either by fatigue or because of the influence of some intoxicant. Under these circumstances, the stop was justified.
 
 III.
 
 10
 The evidence was more than ample to sustain a verdict of guilty. A prosecution under Title 18.2, Code of Virginia, Sec. 102 requires proof beyond a reasonable doubt that the defendant: (1) drove or otherwise used a motor vehicle; (2) owned by someone else; (3) without the owner's consent and outside the owner's presence; (4) with the intent to keep the vehicle temporarily from its owner; and (5) in the special maritime and territorial jurisdiction of the United States in the Eastern District of Virginia.
 
 
 11
 The evidence presented was sufficient to justify a reasonable jury in reaching a verdict of guilty.
 
 
 12
 Therefore, the judgment is affirmed.
 
 AFFIRMED